GULF, COLORADO & SANTA FE RAILWAY COMPANY v. R. G. GRIGGS.

No. 1746. Decided November 27, 1907.

**Master and Servant—Negligence—Acting in Emergency.**

A carload with bridge timbers was started by pinch bars to run down grade to a point about 400 yards distant, where it was to be unloaded. A brakeman, at direction of the foreman, climbed on it to control its movement, and called to the foreman that the brake rod was bent and might not work the brake. Being told by the foreman that he must hold the car, he used an iron bar as a lever in the brake wheel, the bent brake staff being caught on the end of one of the timbers of the load, and pulling hard to overcome the obstruction, was thrown from the car by the sudden revolution of the wheel when it yielded. Held that the facts supported recovery in his favor for the injuries received. (P. 147.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

Griggs sued the railway company and recovered judgment. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*J. W. Terry, Brown & Lomax* and *Chas. K. Lee,* for plaintiff in error.—Griggs was not an inexperienced employe, and the undisputed evidence is that he had a wide and varied experience, Houston

& T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 209; International & G. N. Ry. Co. v. Tarver, 72 Texas, 312; Eddy v. Rogers, 27 S. W. Rep., 295; Watson v. Houston & T. C. Ry. Co., 58 Texas, 434.

The plaintiff, by seeking and accepting employment in the first instance, and by volunteering to do this particular piece of work in the second place, impliedly held himself out as qualified to discharge the duties the work imposed and to be able to take. care of himself, and he will not now be heard to deny that he was so qualified. International & G. N. Ry. Co. v. Hester, 64 Texas, 403.

The master and the servant having equal opportunities to know of the dangers incident to the doing of a particular work, if it is negligence for the master to command the servant to do the work it is likewise negligence for the servant to undertake to do it. Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Texas Cent. Ry. Co. v. Lyons, 34 S. W. Rep., 362; International & G. N. Ry. Co. v. Hester, 72 Texas, 44; Johnson v. Galveston, H. & S. A. Ry. Co., 30 S. W. Rep., 95; Brown v. Miller, 62 S. W. Rep., 547; Rogers v. Galveston City Ry. Co., 76 Texas, 502; Gulf, C. & S. F. Ry. Co. v. Brentford, 79 Texas, 624.

If it was not negligent for plaintiff to undertake to do the work with full knowledge of all the conditions, particularly when he was a volunteer, how can it be said that the defendant was negligent when it did not know of the conditions? Hightower v. Gray, 83 S. W. Rep., 256; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas, 164.

Griggs was not excused for doing a negligent thing by the alleged command of the straw boss. The straw boss did not tell him to do the foolish thing of pulling the wheel past the lumber and so chance throwing himself off the car, but if he had done so plaintiff would not be excused for so doing. Jones v. Galveston, H. & S. A. Ry. Co., 31 S. W. Rep., 706; Hightower v. Gray, 83 S. W. Rep., 256; International & G. N. R. Co. v. Hester, 72 Texas, 44.

The proximate cause of plaintiff's injury was his own act in jerking the wheel past the lumber; and the defective brake staff and the purported command of the straw boss were not proximate causes. Hillje v. Hettich, 67 S. W. Rep., 90. See also the recent case of Texas Central Ry. Co. v. Bender, 8 Texas Ct. Rep., 22, particularly the remarks of Judge Stephens at top of page 24. Rose v. Gulf, C. & S. F. Ry., 17 S. W. Rep., 789; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 274.

*S. C. Padelford, J. A. Stanford* and *D. M. Watkins*, for defendant in error.—The court correctly refused defendants' special charges No. 1 and 3, and was correct in submitting the question of contributory negligence to the jury. International & G. N. Ry. v. Wray, 96 S. W. Rep., 74; Galveston, H. & S. A. Ry. Co. v. Puente, 70 S. W. Rep., 363; San Antonio & A. P. Ry. Co. v. Stevens, 83 S. W. Rep., 235; Galveston, H. & S. A. Ry. Co. v. Hitzfelder, 24 Texas Civ. App., 319; Gulf, C. & S. F. Ry. Co. v. Duvall, 35 S. W. Rep., 701; Texas Cent. Ry. Co. v. Hicks, 59 S. W. Rep., 1125.

MR. JUSTICE BROWN delivered the opinion of the court.

R. G. Griggs on the 7th day of August, 1905, was about twenty-one years old and in the employ of the railway company at Cleburne, Texas, in its bridge department. He was inexperienced in the use of brakes on cars, having used them but a few times. Mike Fenly was assistant foreman and in charge of the gang of men to which Griggs belonged. They were engaged in unloading heavy bridge timbers from coal cars which stood on the material track, which track extended about four hundred yards beyond the point where the car on which Griggs was injured was standing, and there was a gradual descent from the point where the car stood to the end of the track. The car was started by pinch bars, and, being put in motion, it would run by its own gravitation to the end of the track, increasing in rapidity as it moved. Griggs had assisted to unload one car and was returning when the car in question came down the track. Fenly, the foreman, called out, "some one get on and stop that car." Griggs mounted the car and took hold of the brake-wheel, whereupon he discovered that the brake-staff was crooked and he called to the foreman, saying that "the brake-staff is bent and might not work the brake," to which the foreman replied, "well, you will have to hold it." By this time the car was running pretty rapidly and Griggs placed an iron bar in the wheel and pulled it with a view of turning it around, but the wheel by reason of the crook in the staff was pressed against the end of the timber which made it difficult to turn the wheel. Griggs was in danger if he did not stop the car or if he attempted to jump off, so he gave the bar a strong pull and the wheel suddenly slipped by the end of the timber "with a jerk" which caused Griggs to fall off in front of the car, whereby he received the injury for which he brought suit. It is unnecessary for us to describe the injuries or go more into detail of the particular facts of the case. The jury returned a verdict for $2,000, which was affirmed by the Court of Civil Appeals.

The Railway Company waived all errors in the record which will not call upon the court to reverse and render the judgment. The only question presented is whether upon this state of facts there was evidence upon which the judgment could have been rendered.

In Drake v. San Antonio & Aransas Pass Ry. Co., 99 Texas, 245, this court said: "If the master actually puts into the hands of his servant an implement, which the master ought to know to be in a dangerous condition for such immediate and hurried use that the servant is likely to use it without opportunity to see the defect and the attending danger, and to receive injury, the master's liability for an injury thus caused would scarcely be denied." This case comes well within the principle announced, for the defect in the brake-staff was called to the attention of the assistant foreman, who ordered Griggs to use it as it was. The emergency as shown by the evidence was such that Griggs had no alternative but to use the brake. It was dangerous to jump from the car and more perilous to let it run unchecked down the incline. Under these conditions the railroad company is liable for the injuries received. The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*