HOUSTON & T. C. R. CO. v. SMALLWOOD.
(No. 7200.)

(Court of Civil Appeals of Texas. Dallas. Nov. 21, 1914. Rehearing Denied Dec. 12, 1914.)

1. MASTER AND SERVANT (§ 288*)—ACTION FOR INJURIES—QUESTION FOR JURY—ASSUMPTION OF RISK.

On evidence in a railroad servant's action for injury from falling from a car load of lumber which he was trying to straighten, *held*, in view of the opportunity and capacity of the servant, an uneducated negro, for discovering the risk, that whether he knew or ought to have known that the pinch bar furnished him with directions to use it was defective, and appreciated the danger of using it as directed, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

2. MASTER AND SERVANT (§ 217*)—ACTION FOR INJURY—ASSUMPTION OF RISK—"UNSAFE"—"DANGEROUS."

In a railroad servant's action for injury from falling from a car load of lumber which he had been, directed to straighten and arrange, where plaintiff knew that the work was dangerous and the danger of attempting to do·it without help, and where the jury found that the defective condition of the pinch bar furnished him, with directions to straighten the lumber, was such that it could be seen by merely looking at it, and that plaintiff knew, or, by ordinary care, could have known, that it was unsuitable and "unsafe" for doing the work, the latter finding being equivalent to a finding that it was "dangerous," the facts found established the defense of his assumption of risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*

For other definitions, see Words and Phrases, First and Second Series, Dangerous; Unsafe.]

3. JUDGMENT (§ 256*)—SPECIAL VERDICT—EFFECT—REJECTION.

When a special verdict has been returned, the trial court, in rendering judgment, cannot disregard·a finding on a material issue, even though such finding has no support whatever in the testimony.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

4. MASTER AND SERVANT (§ 297*)—ACTION FOR INJURY—FINDINGS—ASSUMPTION OF RISK.

In a railroad servant's action for injury from falling from a car load of lumber which he was trying to straighten with a pinch bar, where the common-law doctrine of assumed·risk applied, findings that he knew that the pinch bar furnished him was unsafe, and that his attempt to do the work without help was dangerous, established that his injury was from an assumed risk, even though he was inexperienced and had not been warned, as such warning would not have given him any information which he did not have; and the finding that his injury did not result from any risk assumed when he entered the service did not alter the case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1195–1198; Dec. Dig. § 297.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by C. H. Smallwood against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant. E. J. Smith, of Denison, and Freeman & Batsell, of Sherman, for appellee.

TALBOT, J. The appellee instituted this suit in the district court of Grayson county, Tex., against the appellant to recover damages for personal injuries which he alleges he sustained as the result of a fall from a car load of lumber; he being engaged at the time in straightening and arranging the lumber on said car. The petition alleges, in substance, that appellee was in the employ of appellant in the capacity of a common laborer and porter at its station and offices in the city of Denison, Tex.; that there was standing on one of appellant's tracks, in said city, on September 21, 1912, a car of lumber; that the lumber on this car had become badly disarranged in transportation, and not in a condition to be further transported; that appellee was directed by C. M. Kirk, appellant's agent, to straighten and arrange the lumber on said car, and was furnished by said agent with a pinch bar and maul to use in doing said work; that he was inexperienced in doing the work; that the lumber was heavy, and one man was not sufficient to safely do the work; that at least two men were required and reasonably, necessary to do it; that the pinch bar was defective and unsuitable, worn at the point, and would not take hold and stick in the lumber, and slipped and caused him to fall from the car and sustain serious and permanent injuries. The grounds of negligence alleged were: (1) Directing appellee to do the work at the place and under the circumstances, and failure to provide him a reasonably safe place in which to do said work; (2) placing appellee in a place of danger, and directing him to do dangerous work, with knowledge of his inexperience, without warning him of the danger, and without instructing him as to the manner of doing the work; (3) failure to furnish sufficient number of men to safely do the work; and (4) furnishing him a defective pinch bar. Appellant answered by specific denial of the allegations of appellee's petition, and alleged the facts to be that appellee was familiar with the work he was doing at the time of the accident; that one man was sufficient to safely do it; that appellee was engaged in interstate commerce; that appellant's agent directed him to do the work, and he (appellee) selected the pinch bar to use in doing it; that he (appellee) knew all about what danger there was·incident to the work; that, if more than one man was required to do it, plaintiff knew it, and knew the danger of one man alone doing the work; that the pinch bar was a simple tool, and, if defective, its defects and the danger, if any, in using it were open and obvious, and as well known

to plaintiff as to defendant, and the injuries, if any were sustained by plaintiff, resulted from a risk assumed by him. The case was tried December 10, 1913, before a jury, and was submitted on special issues. Plaintiff and defendant each filed motion for judgment on the findings of the jury. Plaintiff's motion was granted, defendant's overruled, and judgment rendered for plaintiff in the sum of $2,500, and appellant appealed.

The first assignment of error complains of the court's refusal to give appellant's requested charge instructing the jury to return a verdict in its favor. The proposition under the assignment is that the undisputed evidence showed that appellee was engaged in work in connection with interstate commerce; that he knew whatever danger there was incident to doing the work in which he was engaged; that he knew the danger incident to doing the work without help; that the defects, if any, in the pinch bar were open, obvious, and known to appellee, and that he therefore assumed all the risks and danger incident to doing the work without assistance, and to using the pinch bar in the condition it was, and appellant was entitled to have the jury instructed to return a verdict in its favor.

After a careful examination of the evidence and the authorities bearing upon the proposition asserted, we have reached the conclusion that the charge under consideration was properly refused. This is especially true, we think, in view of the decision of our Supreme Court in the case of Drake v. Railway Co., 99 Tex. 240, 89 S. W. 407.

[1] It is doubtless true that the undisputed evidence showed that plaintiff knew when he undertook to do the work of arranging the lumber on the car that he could not do it safely without help and that he appreciated the danger incident to undertaking to do the work without assistance, but we do not believe it can safely be said from the evidence, as a matter of law, that he knew before he was injured, or ought to have known, that the pinch bar furnished him by appellant with directions to use it in arranging the lumber was defective, and appreciated the danger of using it as directed. In the case cited, which the court said was a very close one, it is said:

"If there was negligence on the part of the defendant in furnishing a tool which, because of its unfitness for the use to which it was to be put, exposed the plaintiff to danger which the exercise of ordinary care in doing his work would not have brought to his knowledge, he cannot be held to have assumed the risk resulting from his employer's negligence. Whether or not the condition of a tool is so obvious that a servant necessarily assumes the risk of using it must depend, in some cases, not merely upon the simple character of the instrument itself, and the openness of the defects in it, but also upon the situation and condition of the servant himself, his opportunity and capacity for discovering that condition, and the circumstances calculated to withdraw his attention from it; and the test in, doubtful cases is the judgment of a jury upon the question whether or not persons of ordinary prudence similarly situated would have discovered the risk."

The appellee was an uneducated negro, and these remarks of the Supreme Court are, in our opinion, peculiarly applicable in the case at bar, and make it plain that "the degree of mental capacity and knowledge of tools and machinery possessed by the servant," and "his right to rely upon the master to protect him from danger and injury and in selecting the agent from which it may rise," are proper to be considered in determining whether he assumed the risk, and that in such cases the assumption of the risk becomes one of fact for the jury.

[2] The next assignment is that the court erred in overruling the appellant's motion, filed in the trial court, for judgment and in entering judgment for the appellee. It is urged that this action of the court was error, because, under the undisputed evidence, no negligence was shown against the appellant in any respect; (2) because, under the undisputed evidence and findings of the jury, appellee knew the number of men required according to his contention to safely perform the work that he undertook to do and assumed the risk of whatever danger there was incident to one man attempting to do the work; (3) because, under the undisputed evidence and findings of the jury, the appellee, at the time he was injured, was engaged in interstate commerce in doing the work that he was attempting to do, the pinch bar, a plain simple tool, and its defect, if any, open, and obvious and actually known to appellee, or must necessarily have been known to him in the performance of his work, and appellee knew, before or at the time he was injured, the danger incident to the use of the pinch bar, if any, or, by the exercise of ordinary care for his own safety, would have known it, and therefore assumed the risk of danger incident to working with said pinch bar.

The contention that, according to the undisputed evidence, no negligence whatever was shown against appellant will not be sustained. As was held in the case of Drake v. Railway Co., supra, we hold in this case, that whether or not the appellant furnished the appellee the pinch bar in question under circumstances showing a want of ordinary care for his safety was a question of fact for the determination of the jury. That the appellee knew the work he attempted to do was dangerous and knew the danger incident to his attempt to do the work required of him without assistance is very conclusively established by his own testimony, and the findings of the jury on that question are to that effect, and, notwithstanding the views expressed in discussing appellant's first assignment of error, that the evidence was sufficient to entitle appellee to have a jury determine the issue of whether or not he should be charged with

having assumed the risk of danger incident to the use of the pinch bar, we think, in view of the findings of the jury on that issue, the court erred in rendering judgment for the appellee. In answer to appropriate questions propounded to them, the jury, on the issue of assumed risk arising from the use by appellee of the pinch bar, made the following findings: (1) That the condition of the pinch bar was such that it could be seen by merely looking at it; (2) that appellee would have known the condition of the pinch bar by merely looking at it before he attempted to use it; (3) that appellee knew, or, by the exercise of ordinary care, would have known, under the circumstances, that the pinch bar was unsafe, unfitted, and unsuitable for doing the work he was attempting to do when hurt. These findings were most material on the issue of assumed risk to which they relate, and the undisputed evidence having shown, and the jury having found, in accordance therewith, that the work of arranging the lumber on the car was dangerous, that appellee knew it was dangerous, and knew the danger incident to his attempt to do the work without assistance, the other phase or issue of assumed risk involved in the case, the court was not authorized to disregard the findings of the jury upon either issue, and render judgment for appellee, even though the other material issues in the case. may have been determined in his favor. The jury by the findings in relation to the use of the pinch bar found not only that the condition of the pinch bar was such that it could be seen by merely looking at it—that is, "so patent as to be readily observed," by appellee—and that he would have known its condition by merely looking at it before he attempted to use it, but that he knew, or, by the exercise of ordinary care in doing his work, would have known, that the pinch bar was unsuitable and unsafe for the work he was directed to do. The effect of this latter finding is to charge the appellee with knowledge of the alleged defect in the pinch bar and the danger incident to its use before the accident, for there is no practical difference in the meaning of the words "unsafe" and "dangerous." So that, if appellee knew that the pinch bar was an unsafe tool to use in doing the work required of him, he must necessarily have known that it was dangerous to do the work with it, and, of course, the danger incident to the use of' it in attempting to do the work. These issues, and the issues arising from appellee's attempt to arrange the lumber without aid, were vital issues in the case, and, the jury having determined them against appellee, appellant's defense that appellee assumed the risk of attempting to do the work alone and of using the pinch bar was established, and the only course open to the trial court was to enter judgment in accordance with the jury's find-

ings on said issues, or to set aside the verdict and grant a new trial.

[3] When a special verdict has been returned, the trial court, in rendering judgment, cannot disregard a finding of the jury on a material issue, even though such finding has no support whatever in the testimony. Scott v. Farmers' & Merchants' Nat. Bank (Civ. App.) 66 S. W. 485; Clark & Loftus v. Pearce, 80 Tex. 146, 15 S. W. 787.

[4] The finding of the jury that appellee's injuries were not the result of one of the risks assumed by him when he entered the service of the appellant does not alter the case. The work appellee was doing when hurt related to interstate commerce, and the common-law doctrine of assumed risk applies. The warning which appellee claims should have been given him would have placed him in possession of no information with respect to the risk of attempting to arrange the lumber without assistance and the use of the pinch bar, which he did not, according to the verdict of the jury, possess before and at the time he was injured, and, the foregoing findings having been made by them, it follows, as a matter of law, even though he was inexperienced and had not been warned, that his injuries were the result of risks assumed by him.

There are a number of assignments of error complaining of instructions given by the court to the jury in connection with the special issues submitted. These assignments need not, we think, be considered in detail. We conclude from an examination of the charges complained of that, if all of them were not necessary to enable the jury to properly determine the issues submitted to them, none constitutes reversible error.

For the reason indicated, the judgment is reversed, and the cause remanded.