SANTA FÉ TIE & LUMBER PRESERVING CO v. COLLINS. (No. 5882.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 17, 1917. Rehearing Denied Nov. 14, 1917.)

1. MASTER AND SERVANT ☞258(17)—INJURIES TO SERVANT — PETITION — MASTER'S KNOWLEDGE.

In a servant's action for injuries when a sledge hammer he was using flew off the handle, the petition, though not expressly charging that defendant employer knew of the condition of the hammer, or that it could have known thereof by the exercise of ordinary care, was not subject to general demurrer, where it charged that the hammers were made by the head smith, and that defendant employer had the handles placed in the hammers for plaintiff to use in striking for another.

2. MASTER AND SERVANT ☞124(3)—MASTER'S DUTY TO INSPECT TOOLS—SLEDGE HAMMER—"SIMPLE TOOL."

A sledge hammer made by the employer's head smith, its handle being placed for use of a servant who had never used a sledge before equipped with a defective handle, was not a simple tool which an employer need not inspect.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Simple Tool.]

3. APPEAL AND ERROR ☞742(2) — ASSIGNMENTS OF ERROR — URGING DISTINCT GROUNDS—EFFECT.

Where several distinct grounds are urged in an assignment of error, it cannot be treated as a proposition.

4. MASTER AND SERVANT ☞286(4)—INJURIES TO SERVANT—NEGLIGENCE OF EMPLOYER IN FURNISHING TOOL—QUESTION FOR JURY.

In a servant's action for injuries when the sledge hammer he was using flew off the handle, issue whether the employer was negligent in furnishing plaintiff with the hammer *held* for the jury.

5. MASTER AND SERVANT ☞279(5)—INJURIES TO SERVANT—HEAD BLACKSMITH AS PERSONAL REPRESENTATIVE OF EMPLOYER—SUFFICIENCY OF EVIDENCE.

Evidence *held* to support a finding that the head blacksmith was the personal representative of the employer, charged with the nondelegable duty to see that the tools were in safe condition.

6. MASTER AND SERVANT ⚫=>190(9)—DUTY TO SEE TOOLS ARE SAFE—DELEGATION BY EMPLOYER.

The head blacksmith's neglect to see that the sledge he was furnishing his helper was safe will be imputed to the employer; the head blacksmith being the latter's personal representative, charged with the nondelegable duty to see that tools are safe.

7. APPEAL AND ERROR ⚫=>1033(4, 8)—ERROR FAVORABLE TO APPELLANT—SUBMISSION OF ISSUE—FINDINGS.

Defendant cannot complain of error committed in submitting an issue, nor of the jury's finding thereon favorable to plaintiff, where the issue was an infringement on plaintiff's rights only.

8. APPEAL AND ERROR ⚫=>231(9)—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS TO ISSUE.

Where the objections to an issue filed below were general, a specific objection, not included therein, cannot be urged on appeal.

9. APPEAL AND ERROR ⚫=>213—RESERVATION OF GROUNDS OF REVIEW—REQUEST FOR ISSUE SUPPLYING OMISSION.

Appellant cannot complain of an omission from an issue without having sought below to correct it by requesting the submission of a correct issue.

10. TRIAL ⚫=>351(5)—SUBMISSION OF ISSUES.

In a servant's action for injuries, where the court correctly submitted the issue whether plaintiff suffered any damages by reason of the sledge hammer coming off the handle, and instructed that no damages could be allowed for any prior injury or sickness, it properly refused to submit an issue inquiring whether the injuries suffered by plaintiff resulted from the hammer slipping off the handle, from prior disease, or from both.

11. TRIAL ⚫=>351(5)—SUBMISSION OF ISSUES.

In a servant's action for injuries, defendant's special issue asking the jury to find whether plaintiff was guilty of contributory negligence, accompanied by an incomplete instruction omitting the essential statement that the facts stated, if found to exist, would show contributory negligence, was properly refused where the issue submitted by the court was in practically the same language.

12. DAMAGES ⚫=>134(1)—PERSONAL INJURIES—EXCESSIVE VERDICT.

In an action for injuries to a helper in defendant's blacksmith shop, when the sledge hammer he was using flew off the handle, causing him to wrench his back, in view of plaintiff's age and low earning capacity, verdict for $15,000 *held* excessive by $5,000.

Appeal from District Court, Burleson County; Ed. R. Sinks, Judge.

Suit by W. L. Collins against the Santa Fé Tie & Lumber Preserving Company. From a judgment for plaintiff, defendant appeals. Affirmed conditionally on entrance of a remittitur; otherwise, reversed and cause remanded.

Hunt, Myer & Teagle, of Houston, for appellant. U. S. Hearrell, of Cameron, and W. M. Hilliard, of Caldwell, for appellee.

MOURSUND, J. Appellee sued appellant to recover damages by reason of personal injuries alleged to have been sustained by him while in the employ of appellant as helper in its blacksmith shop, charging that his injuries resulted from a sledge hammer flying off the handle while he was striking with it, causing him to be jerked and twisted and his back wrenched, and that such injuries were brought about by negligence of defendant in failing and refusing to exercise ordinary care to furnish him a reasonably safe hammer with which to perform the work he was required to do. He alleged that the handle of the hammer was defective in that it was too sharp and pointed at the end where it extended through the hammer, and not properly wedged. It was pleaded and admitted that defendant, at the time plaintiff alleged he was injured, had in its employment more than five men, and that it was not a subscriber to the Texas Employers' Insurance Association as provided in chapter 179, Acts of Thirty-Third Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and plaintiff pleaded that defendant did not come within any of the exceptions mentioned in said act, and that it was therefore precluded from setting up a defense based on assumed risk or negligence, or that the injury was caused by the act of a fellow servant.

Defendant answered by general and special exceptions, general denial, and a special plea to the effect that if the handle of the hammer was defective the fault was plaintiff's; that it was one of his duties to look after the hammers he was using and see that they were kept in proper condition. It further alleged that if the hammer was defective as charged plaintiff was guilty of contributory negligence which proximately contributed to his injuries, in that he failed to take proper care of his tools, and to make a proper inspection thereof, which it was his duty to do. It also charged that certain defects pleaded by plaintiff, if they existed, were open and apparent to the view of plaintiff, and known to plaintiff, and that he was guilty of negligence in using the same. Defendant also pleaded assumed risk.

The cause was submitted on special issues in answer to which the jury found that plaintiff was injured as alleged in his petition; that the handle of the hammer was sharp pointed at the end where it extended through the hammer, and not properly wedged; that defendant was guilty of negligence in furnishing him with such a hammer to do the work required of him; that it was not the duty of plaintiff to keep in repair the hammer he used in defendant's service; that the plaintiff did not know at the time he used the hammer that it was in a defective condition; that plaintiff was not guilty of contributory negligence in using the hammer; and that plaintiff suffered damages in the sum of $15,-000 by reason of his injuries. Judgment was entered for plaintiff for the amount stated in the verdict.

[1] Appellant contends that its general demurrer should have been sustained for the reason that the petition does not expressly

charge that the defendant knew of the condition of the hammer, or that it could have known thereof by the exercise of ordinary care. It has been held in somewhat similar cases that the demurrer should not be sustained on such ground. G., H. & S. A. Ry. v. Udalle, 91 S. W. 330; M., K. & T. Ry. v. Gilbert, 130 S. W. 1037. The petition in this case does not disclose that the hammer was delivered to plaintiff in good condition, and that it afterwards became defective, but charged directly that the hammers were made by the head smith, and that defendant had the handles placed in the hammers and prepared and placed there for plaintiff to use in striking for Wiegant.

[2] Appellant further contends that the petition discloses that the tool was a simple one which plaintiff was daily using, and not such a tool as defendant was required to inspect. The petition fails to disclose that plaintiff had ever used the hammer before, at least while equipped with the defective handle. The entire objection is inapplicable to the case pleaded by plaintiff, and in view of the opinion in the case of Drake v. Railway, 99 Tex. 240, 89 S. W. 407, it is clear that the court did not err in overruling such objection to the petition.

The testimony complained of in the third assignment was properly admitted. Besides, substantially the same testimony had been given, without objection, by the same witness.

[3] The action of the court, in submitting the issue whether defendant was guilty of negligence in furnishing plaintiff with the hammer to do the work required of him, is complained of in the fourth assignment; several distinct grounds being urged in the assignment, which cannot, therefore, be treated as a proposition. The only proposition submitted under the assignment is that:

"When the facts do not show that a tool was defective when furnished the servant, the master cannot be held liable on the theory that he furnished a defective tool."

The salient facts deducible from the evidence are as follows: Plaintiff was employed as helper in the blacksmith shop of defendant, and worked under the direction and control of Wiegant, the head smith. Plaintiff's contract of employment did not impose upon him the duty to inspect tools, but in compliance with Wiegant's orders and method of conducting the work if plaintiff ascertained that a handle was defective or loose in a hammer, he replaced it or made the necessary repairs. Wiegant testified that he kept the tools in repair; that it was his duty to see that the tools were sharp and proper and correct for their purposes. The replacing of sledge hammer handles was a very frequent occurrence, and plaintiff had put new handles in all of defendant's hammers during the course of his employment. After a four days' absence plaintiff returned to work, and was ordered by Wiegant to drive a bushing on a tram car axle. This

work was usually done by two men as the blows must be fast and hard to drive the bushing down while the metal is hot. On this occasion plaintiff did the work alone. When Wiegant called to him, he hastily seized a sledge hammer which was standing with the handle up, near the anvil block, and struck rapidly. While he was striking, the hammer slipped suddenly from the handle, causing plaintiff to wrench his back. The evidence supports the finding of the jury as to the defect in the handle which caused the hammer to come off. The defect was not visible on account of the way the hammer was standing, and could not have been discovered except by inspection such as plaintiff had no time to make after being called on to do the work. The handle was not put in the hammer by plaintiff, and there is no evidence that it was in the hammer when plaintiff had used the same on previous occasions. The handle was put in by Wiegant or some one under his direction. It was admitted that defendant employed more than five men, and that it was not a subscriber to the Employers' Liability Insurance Association.

[4-6] In view of the facts above stated, we think it is clear that the submission of the issue was justified by the evidence. The evidence supports a finding that Wiegant was the personal representative of defendant, charged with the nondelegable duty of seeing that the tools were in safe condition to carry on the work, and when he furnished plaintiff the hammer in question his neglect of the duty to see that it was safe will be imputed to defendant. The doctrine announced in the Larkin Case, 98 Tex. 225, 82 S. W. 1026, 1 L. R. A. (N. S.) 944, relied upon by defendant, has no application to the facts of this case. The fourth assignment is overruled, and what we have said in discussing the first and fourth assignments disposes of the fifth and twelfth assignments adversely to appellant.

[7] Appellant contends that the undisputed evidence shows it was the duty of plaintiff to keep the hammer used by him in repair, and that therefore the court should not have submitted special issue No. 6, and that the answer of the jury thereto is contrary to the great weight and preponderance of the testimony. There being no evidence that plaintiff ever had an opportunity to repair the defect in the hammer which caused his injuries, nor that the plaintiff had the exclusive control of such hammer, and was the only person authorized to repair the same, it appears to us that plaintiff should have objected to the issue, and not the defendant. The finding of the jury was doubtless prompted by the evidence that Wiegant was charged with the duty of seeing that all tools were kept in repair, and plaintiff only with the duty of repairing such as he observed defects in, or such as Wiegant ordered him to repair, and that having had no

opportunity to observe any defect in the handle in question, and not being directed to repair same, no duty with reference thereto devolved upon him. If any error .was committed in submitting the issue defendant cannot complain thereof, nor of the finding of the jury. Assignments 6 and 13 are overruled.

[8, 9] Appellant attacks the eighth issue, wherein inquiry was made whether plaintiff knew the hammer was in a defective condition, and says the court should also have submitted the inquiry whether plaintiff could have known of the condition of the hammer by the exercise of ordinary care. The objections to said issue, filed below, were general, and did not include the specific objection now relied upon. In addition, appellant seeks to complain of an omission, without having sought to correct it by requesting the submission of an issue supplying the omission. Appellant assumes that plaintiff had used the hammer, equipped with the defective handle, previous to the occasion when he was injured, when there is no testimony to that effect. The seventh assignment is overruled; also the eighth, which undertakes to urge an additional objection to the eighth issue, not urged in the trial court.

The ninth assignment, which complains of the failure to give a peremptory instruction, in favor of defendant, is overruled, and our discussion of the fourth, fifth, and sixth assignments is referred to for the reasons impelling us to so rule.

[10] The court did not err in refusing to submit an issue inquiring whether the injuries suffered by plaintiff resulted from the hammer slipping off the handle, or from prior disease, or from a combination of injuries resulting from prior disease and the wrench caused by the hammer flying off the handle. The court submitted the issue whether plaintiff suffered any damages by reason of the hammer coming off, and instructed the jury that no damages could be allowed for any prior injury or sickness. This was a correct submission of the issue, and nothing could have been gained by submitting the defendant's special issue.

[11] The court did not err in refusing to submit defendant's special issue No. 12. The form of the question was no improvement upon the one submitted by the court; in fact the language was practically the same. Appellant did not frame its question so as to call for a finding upon the facts relied upon to constitute contributory negligence, but asked the jury to find whether plaintiff was guilty of contributory negligence, and undertook by an accompanying instruction to tell the jury what facts would show such negligence. The instruction was incomplete, and omitted the essential statement that the facts therein stated, if found to exist, would show contributory negligence. The jury would not have been any better informed had defendant's issue been submitted than they were in answering the court's question. The assignment is therefore overruled.

[12] In view of the age of plaintiff and his low earning capacity, the verdict is excessive. If a remittitur in the sum of $5,000 is entered within 15 days, the judgment will be affirmed for $10,000; otherwise the judgment will be reversed and the cause remanded.