Gulf, Colorado & Santa Fe Railway Company v. A. E. Larkin.

No. 1357. Decided November 10, 1904.

**1.—Master and Servant—Inspection of Tools.**

The duty of the master to inspect machinery or implements furnished the servant arises only when they are of such character that a man of ordinary prudence would inspect them as a precaution against injury to the servant, and does not require the inspection of common tools committed to the custody of a servant who has capacity to understand their character and uses. (Pp. 227, 228.)

**2.—Same.**

A railway company can not be held to be under a duty to inspect a lantern furnished to a fireman for use in his work; and in an action by the latter to recover for injury received through the breaking of the globe of such lantern while cleaning it, no other negligence being claimed than failure of the employer to properly inspect the lantern, the court should have directed a verdict for defendant, and failing to do so recovery against defendant should be reversed and judgment rendered in its favor. (Pp. 227-229.)

98 Sup—15.

Error to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

Larkin sued the railway company for damages for a personal injury and recovered judgment, which was affirmed on defendant's appeal. Appellant thereupon obtained writ of error.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.—Where the evidence shows, as it does in this case, that the railway company had used ordinary care to furnish its servant with a lantern globe that was reasonably safe for the purpose for which it was intended, and that such globe was a standard make and pattern, and in general use on the principal roads in the United States, and had been inspected before being put in service; and where the evidence further shows, as it does in this case, that if there was a defect in the same it was latent, and said lantern had been in use by this plaintiff for some time prior to the accident; and where the evidence further shows, as it does in this case, that it was the duty of the plaintiff himself to examine the globe before leaving the terminal, and ascertain its condition, which was a primary duty imposed upon the plaintiff; and where the evidence shows, as it does in this case, that the plaintiff did not examine the globe or undertake to discover its condition in any respect or to find out whether it was fit for use before leaving the terminal; and where the evidence shows, as it does in this case, that if he had taken any precautions he might have discovered its condition, then no liability is shown against the railway company, and on such facts it is, and was, entitled to a judgment. Missouri K. & T. Ry Co. v. Dyer, 8 Texas Ct. Rep., 158; Texas & P. Ry. Co. v. O'Fiel, 78 Texas, 488; Rogers v. Galveston C. Ry. Co., 76 Texas, 505; Throckmorton v. Missouri K. & T. Ry. Co., 14 Texas Civ. App., 222; Quintana v. Consolidated K. C. S. & Ry Co., 14 Texas Civ. App., 347; Fordyce v. Yarborough, 1 Texas Civ. App., 266.

If it should be concluded that the evidence shows the defect in this lantern globe was patent, then appellant says that the same being in use by the plaintiff, as shown conclusively by the evidence, he was in a better position to know and see its condition than any other man in the service, and his failure to so note the defects would preclude recovery herein.	Ft. Worth & D. C. Ry. Co. v. Ramp, 70 S. W. Rep., 568; Bookrum v. Galveston H. & S. A. Ry. Co., 57 S. W. Rep., 919.

*Stanford & Watkins,* for defendant in error.—The verdict of the jury is amply supported by the evidence, in that all the evidence shows that appellant furnished appellee a defective and dangerous appliance; that appellant was negligent in so doing, and that appellant's negligence was the proximate cause of appellee's injury and consequent damage. Texas & N. O. Ry. Co. v. Black, 44 S. W. Rep., 673; Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 349.

The law places the duties of inspection upon the master, and the mas-

ter can not shift this duty from himself to the servant by rules, bulletins, etc. San Antonio & A. P. Ry. Co. v. Lindsey, 65 S. W. Rep., 668; Galveston H. & S. A. Ry. Co. v. Butchek, 66 S W. Rep., 335; Dupree v. Alexander, 68 S. W. Rep., 739; Bookrum v. Galveston H. & S. A. Ry. Co., 57 S. W. Rep., 919.

In support of a motion for rehearing, which was overruled, counsel for defendant in error cited: Gulf C. & S. F. Ry. Co. v. Smith, 87 Texas, 357; 4 Thomp. on Neg., sec. 3774; Illinois, etc., Ry. Co. v. Creighton, 63 Ill. App., 165; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 621; 1 Shearm. and Redf. on Neg., sec. 21; International & G. N. Ry. Co. v. Elkins, 54 S. W. Rep., 931; Gulf C. & S. F. Ry. Co. v. Davis, 80 S. W. Rep., 253; De La Vergne Ref. Co. v. Stahl, 24 Texas Civ. App., 474; Johnson v. Missouri Pac. Ry. Co., 96 Mo., 340; Atchison T & S. F. Ry. Co. v. Lannigan, 42 Pac. Rep., 343.

BROWN, Associate Justice.—Larkin had served as a fireman for about eight months prior to his injury. Upon each locomotive there were two lamps, one white and the other red, the latter being intended for use at night in giving signals. Larkin had been running upon this engine for three days and had used the same lantern during that time, unless it had been changed the night before his injury while the engine was in the roundhouse at Temple. He had the exclusive possession and control of the lantern and it was his duty to keep it clean and see that it was in proper condition for use. No other person was authorized to clean it; the lantern was usually left upon the engine when the latter was not in service. There was no evidence that the railroad company caused this lantern to be inspected. While on the engine in the daytime running from the town of Temple to Cleburne, Larkin undertook to clean the globe of the red lantern, and in doing so the glass globe broke and cut his left wrist, severing the tendons, from which injury his hand became seriously affected by drawing down and stiffening of the fingers.

Upon a trial in the District Court of Bell County, Larkin recovered a judgment against the railroad company, which was affirmed by the Court of Civil Appeals. The railroad company at the trial asked the court to give to the jury the following charge, which was refused by the court: "The jury is charged that the plaintiff, having failed to show that he was injured by or through any act of negligence on the part of the defendant, you will return a verdict for the defendant."

The only negligence charged against the plaintiff in error is that it failed to have the lantern which was furnished to the plaintiff inspected before furnishing it, or after it had been furnished, and while he was using it. Inspection is only the means by which the master exercises the care required of him for the servant's protection. It is not the duty of a railroad company to inspect every implement or tool that it furnishes to its employes; but that duty arises whenever the machinery

or implement is of such character that a man of ordinary prudence would, under the same circumstances, inspect the machinery or implement as a precaution against injury to the servant. If an individual, being an ordinarily prudent man, would not have inspected the lantern before furnishing it to the servant, or after it had been furnished and while it was in use, then the railroad company was not required to do so in this case.

A master is not required to inspect the common tools and appliances which are committed to the custody of a servant who has the capacity to understand their character and uses. 20 Am. and Eng. Enc. of Law, p. 89; Miller v. Erie R. R. Co., 21 App. Div. Rep. (N. Y.), 45; Marsh v. Chickering, 101 N. Y., 396; Wachsmuth v. Shaw Electric Crane Co., 118 Mich., 275. In Miller v. Railroad Company, a switchman was engaged in aiding to move some cars by means of a push pole, which broke, by which he was injured. In a suit for damages it was alleged that the railroad company failed to have the pole inspected and was therefore negligent. The Supreme Court of the New York Appellate Division said: "There is no duty resting upon an employer to inspect, during their use, those common tools and appliances with which every one is conversant. If a spade, a hoe or a push stick either wears out or becomes defective, the employer may ordinarily rely on the presumption that those using the article will first detect its defect." In the case of Wachsmuth v. Electric Crane Company, the injured party was using a ladder which was defective, through which defects he was injured. The Supreme Court of Michigan said: "In heavy or complicated machinery, and where the person called upon to use appliances may not possess the skill to detect the unfitness or have the opportunity to do so, the law may require diligence upon the part of the master; but where the appliance is a common tool, of which the man who uses it is necessarily well qualified to judge, and who, when he uses it, has an opportunity to know its condition, a distinction may be made and the master may rely upon the servant to inform him of the defect, or not use the tool if it is unsafe."

The undisputed evidence in this case shows that the railroad company purchased its lanterns from reliable manufacturers, and that they were of good and standard make. It was not proved that this particular globe was inspected, but the evidence, which was undisputed, shows that actual inspection was made of a large per cent of the globes which were purchased. But we are of opinion that no ordinarily prudent man who is buying a lantern for use upon his own premises, in the ordinary affairs of life, would think of going into a minute examination of it to detect some latent defect; nor could it be said that such man, after purchasing the lantern and delivering it over to his servant for use about his premises, would consider it necessary for the safety of that servant to inspect the lantern at regular times or at any time thereafter. If a prudent man in the common business of life would not resort to inspec-

tion as a precaution in the selection of lanterns to be used by his servants, nor during their use, then the railroad company was not required to make such inspection, either before or after furnishing the appliance to the employe. There is no greater risk in cleaning and using a lantern upon a locomotive engine when drawing a train than there would be to clean and use the same lantern in the performance of services about the barn lot; therefore there can be no difference in the care required. The conduct of the ordinarily prudent individual is the standard by which we must measure the duty of the corporation. If this requirement were sustained, then every farmer or housekeeper who furnishes an ax to his servant with which to cut wood for use upon the premises, or for other purposes, must use that care which would here be required with regard to the lantern by an inspection to discover the condition of the ax before he purchased it, and, during the use of it by the servant, he must keep up a course of inspection in order to insure safety.

The law has established that in furnishing dangerous machinery for use by its servants the master must inspect, in order to maintain that machinery in proper condition, because it is a matter of common knowledge that there is danger of injury in its use and that the persons who use it oftentimes do not have the necessary information to detect its defects or opportunity to examine it before use. Likewise it is a matter of common knowledge that a lantern globe is one of the simplest appliances that can be furnished to a servant for use, as well as being in common use, and the court knows as a matter of law that it does not require special knowledge or skill to understand the lantern; nor is there any reason why the servant who handles it should not be fully acquainted with its condition, especially when, as in this case, it is committed to his exclusive control and care. There may be, and doubtless are, cases in which it is a question of fact that should be submitted to the jury as to whether the machinery or implement, tools and the like, were of such character as to require inspection as a safeguard against danger; but there was no reason for submitting the question to the jury in this case; therefore the court erred in not instructing the jury to find for the defendant. The facts show that upon another trial the defendant in error can not make a case that would entitle him to recover against the railroad company; it is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that judgment be here rendered that A. E. Larkin take nothing by his suit, and that the railroad company recover of him all costs in all the courts.

*Reversed and rendered for appellant.*