Houston & Texas Central Railroad Company v. C. H. R. Patrick.

Decided April 16, 1908.

**1.—Master and Servant—Negligence.**

Due care by the master with regard to the safety of appliances is to be measured by the circumstances under which they are to be used by the servant. The fact that the appliance is a common and simple one, such as a rubber hose pipe, does not necessarily relieve the master from the duty to inspect, nor justify a charge to that effect, where the defects in it may involve danger to the servant in the position in which he must use it.

**2.—Same—Case Stated.**

A car cleaner, working at night on the top of a passenger coach, and dragging along its top a small hose pipe for the purpose of filling the water tank from an opening in the roof of the car, was thrown to the ground and injured by the giving way of the hose at one of the several points where it had been insecurely spliced in mending. Held, that the master was not relieved from the duty to inspect, nor the servant charged with such duty, nor with the assumption of the risk, by reason of the simple nature of the appliance, when used under such circumstances and where the defect was unknown to him; and the questions of the master's negligence and of the servant's contributory negligence were properly left to the jury. Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 227, and Missouri Pac. Ry. Co. v. Somers, 78 Texas, 441, distinguished.

**3.—Latent Defect—Charge—Evidence.**

In the absence of evidence that a defect (in the splicing of a rubber hose pipe) was such as would not have been discovered by proper inspection, a charge relieving the master from liability in such case was properly refused.

**4.—Servant's Knowledge and Care.**

The servant is not charged with the duty of inspecting appliances or using ordinary care for discovery of defects in them, and may assume that the master has performed his duty with reference thereto; it is not improper to charge that such is the law, observing the proper exceptions, in applying the law to the facts, of cases where the defect is known to the servant, or knowledge necessarily acquired in the performance of his duties, or where he was required by his employment to inspect.

**5.—Evidence—Repairs—Harmless Error.**

Admission of evidence that "the repair work was just barely enough to keep the business going—repairs for the time being," though perhaps objectionable as a conclusion of the witness, and as proof of general negligence not relating to the particular defect in issue, held not ground for reversal.

**6.—Evidence—Opinion.**

Testimony of a witness by deposition that he "supposed" certain facts to exist was properly excluded as mere opinion.

Appeal from the District Court of Grayson County. Tried below before Hon. J. M. Pearson.

*Baker, Botts, Parker & Garwood* and *Head, Dillard & Head,* for appellant.—The overwhelming preponderance of the evidence showed that it was appellee's duty under his employment, if any one's, to inspect the hose which was the cause of his injury, and under such circumstances appellant was not liable, even though it may have failed to have the hose inspected by regular inspectors. Maes v. Railway, 23 S. W., 725; Railway v. Kizziah, 86 Texas, 81; 20 Encyc. of Law (2d ed.), 142.

The hose which caused plaintiff's injuries was of that simple nature that every one of common experience would understand its use and the dangers to be apprehended therefrom, and consequently no duty of inspection devolved upon the defendant. Gulf, C. & S. F. Ry. v. Larkin, 98 Texas, 225, where this question is fully considered.

Where the evidence decidedly preponderates in favor of one of the parties, and that part of the evidence which favors the verdict in favor of the other party consists mainly of his own testimony, the Appellate Court should reverse and order a new trial, even though the evidence be not of that conclusive character which would authorize a peremptory instruction. Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W., 591; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 441.

It is the duty of an employe to use ordinary care to see whether the master has performed his duty of using ordinary care in furnishing appliances. However, under ordinary circumstances where the machinery is complicated, and the duty of inspection is unquestionably imposed upon the master, the servant, in the exercise of such ordinary care, may assume that the master has performed his duty. Bailey, Master's Liability for Injuries to Servant, 159; Wormell v. Railway Co., 79 Me., 405.

If in any case it be proper for the court to charge the jury that the servant in the exercise of ordinary care has the right to assume that the master has performed his duty in furnishing appliances, such charge is entirely improper when it is applied to the duty of the master in reference to simple tools, such as an ordinary rubber hose, familiar to every one. Gulf, C. & S. F. Ry. Co. v. Larken, 98 Texas, 225.

One of the most important issues in this case being that the hose in question was a simple appliance of that nature which did not impose upon defendant the duty of inspection, it should, upon request by defendant, have been distinctly called to the attention of the jury. Railway Co. v. McGlamory, 89 Texas, 635; Railway Co. v. Hall, 98 Texas, 480.

Where the question is whether or not a person has been negligent in

doing or in failure to do a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence or even habitually negligent upon a similar occasion. Railway v. Rowland, 82 Texas, 166; Houston v. T. C. Ry. v. Jones, 16 Texas Civ. App., 179; Railway v. Johnson, 92 Texas, 380.

*James P. Haven, W. J. Mathis, E. J. Smith* and *McGrady & Mc-Mahon,* for appellee.—The verdict is supported by the evidence. The defendant knowingly furnished plaintiff an unsafe and defective hose with which to work, knowing that he would have to use it upon top of the coach, and that its weight when filled with water was such as required plaintiff's strength and force to move it about in using it, and was liable to throw him out of balance and cause him to fall if it should break or come apart when being used. The law imposed no duty on plaintiff to hunt for defects, and if there was any custom or duty to inspect or repair in fact, plaintiff did not know it. The hose being furnished to him at night in the dark, he is not charged as matter of law with defects which its use in daylight would have disclosed. Besides, the assumed risk, if any, of Patrick is not a defense for defendant's negligence, since defendant knew of the defect in the hose. Acts 1905, p. 386; Adams v. Railway Co., 102 S. W., 906; Drake v. Railway Co., 89 S. W., 405; Railway Co. v. Schuler, 102 S. W., 783; Railway Co. v. Hannig, 91 Texas, 347; Railway Co. v. Bingle, 91 Texas, 287; Bonnett v. Railway Co., 89 Texas, 72; Dupree v. Alexander, 29 Texas Civ. App., 31; Railway Co. v. Elkins, 54 S. W., 931; Gulf, C. & S. F. Ry. Co. v. Davis, 35 Texas Civ. App., 285; Schlemmer v. Railway Co., 205 U. S., 1.

WILLSON, CHIEF JUSTICE.—The suit was by appellee to recover damages for personal injuries alleged to have been sustained by him in the performance of his duties as one of appellant's coach cleaners at Denison, as the result of appellant's negligence. In accordance with the verdict of a jury a judgment for $6000 was rendered in appellee's favor.

At the time he was injured appellee had been in appellant's service as a coach cleaner about six months. His service for the company was performed at night—between seven o'clock in the evening and six o'clock in the morning. One of his duties was to supply with water tanks used in passenger coaches. The tanks were filled from the tops of the coaches. To enable him to discharge this duty appellant furnished appellee with a lantern, with a ladder to be used in getting on top of the coaches, and with a rubber hose about one inch in diameter attached to a water plug in its yard and long enough—thirty-five or forty feet—to reach from the plug to the openings to the tanks in the tops of the coaches. About 4:30 o'clock on the morning of April 23, 1906, while it was yet dark, appellee in the performance of his duty to supply the tanks thereof with water, went on to the top of one of appellant's passenger coaches, and by means of the hose furnished to him by appellant for the purpose, filled a tank at one end of the coach. He then walked—dragging the hose after him—along the top of the coach to near the opposite end thereof, where the opening to the other

tank was situated, for the purpose of filling it. The hose was old and worn. It had been broken in several—one witness testified as many as eight—places, and repaired by cutting smooth the broken ends, bringing them together over a piece of iron piping, and then securing the ends with wire. To get sufficient of the hose on top of the coach to reach the tank opening, appellee gave the hose a pull, when two of its parts suddenly separated at one of the places where it had been repaired, causing appellee to lose his balance and to fall from the top of the coach to the ground, a distance of from eighteen to twenty feet, whereby his arm and leg were broken, and whereby he suffered other injuries. The verdict of the jury involves a finding by them that appellant was guilty of negligence in the particular submitted to them by the trial court's charge proximately causing the injuries suffered by appellee, and that appellee himself was without fault in connection with such injuries. The testimony, we think, is sufficient to support the findings of the jury, and we adopt said findings as our own.

By its first assignment of error appellant complains of the action of the court in refusing to peremptorily instruct the jury to return a verdict in its favor, and by its second assignment it urges that the verdict of the jury was contrary to the evidence. In support of these assignments appellant insists (1) that the hose was a simple appliance, which any prudent person would have furnished to his employe to work with without previously inspecting it; (2) that the evidence overwhelmingly showed that it was appellee's duty to inspect, and, if it needed it, repair the hose; (3) that the evidence showed that if there was such a defect in the hose as rendered it dangerous to use, appellee, if he did not know of such defect, was negligent in failing to know it; and (4) that the evidence showed that appellee was negligent in his manner of handling the hose, in that he dragged it across the car to fill one of the tanks, instead of getting off the coach with it after filling the tank at one end and getting upon the coach at its other end for the purpose of filling the tank there. We do not think these contentions should be sustained. Appellant was bound to use ordinary care to provide for appellee's use reasonably safe and suitable instrumentalities to enable him to fill the tanks, and became responsible to him for injuries suffered by him without fault on his part in the discharge of his duty to it to fill the tanks, proximately caused by its failure to furnish such instrumentalities. 4 Thompson Neg., secs. 3986, 3987; 2 Labatt Mas. & Ser., secs. 22a, 23; 20 Am. & Eng. Ency. Law, 2d ed., p. 71. It can not be said as matter of law and without reference to the use to be made of it, that because a rubber hose is a common and simple appliance, the master when furnishing such hose to his servant for use in the discharge of his duties as such, does not owe to him the duty to use ordinary care to see that it is reasonably suitable and safe for the servant's use in the service to be performed by him. St. Louis S. W. Ry. Co. v. Schuler, 46 Texas Civ. App., 356. "In furnishing a tool of any kind," said the Supreme Court in Drake v. San Antonio & A. P. Ry. Co., 99 Texas, 240, "the master is bound to use ordinary care for the safety of the servant who uses it." The diligence which will amount to ordinary care

must be measured by the circumstances of each particular case as it arises. If it were to be used by the servant in an ordinary garden in watering a flower bed in daylight, it might well be said that the master was not lacking in care in furnishing to his servant for the purpose an old, rotten hose, the broken parts of which had been spliced together in from four to eight places. But as matter of law it should not be so said, when such a hose is furnished to the servant to. be used in the night-time, in filling a tank on the top of a passenger coach. In the one case an ordinarily prudent person might well conclude that there would be no occasion to so use the hose as to cause it to break or to pull apart at places previously broken; and he also might well conclude that should it break or pull apart his servant's life or limb would not thereby be endangered. But here the hose was furnished to the servant to be used in the night-time, on top of a coach eighteen or twenty feet above the ground. Full of water it had to be carried or dragged by the servant to the top of the coach, so necessarily taxing its strength, more or less; and after it was gotten to the top of the coach the servant there had to adjust it in the opening to the .tank. In furnishing such a hose for such a use, it can not be said that a reasonably prudent person would not have contemplated either that the hose would not break or pull apart, or if it did, that the safety of the servant thereby would not be endangered. Whether a reasonably prudent person under those circumstances would have furnished to his servant such a hose was properly a question for the jury. Adams v. Gulf, C. & S. F. Ry. Co., 101 Texas, 5. The case (Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 227), relied upon by appellant as a support for its contention, is unlike this one. There while the servant was cleaning a lantern its globe broke, injuring him. The undisputed evidence showed that the lantern had been purchased from reliable manufacturers and was of good and standard make. The servant had used it several days, during which time it was in his exclusive possession and control. It was his duty to keep it clean and to see that it was in a proper condition for use. The defect in the globe, it seems, was a latent one. Here the hose was old and rotten, and had been broken again and again.. According to appellee's testimony, he had never used it before, and was ignorant of its condition. It was furnished to him to use for the first time in the night-time. He had not had and did not have the right to its exclusive use and control. It was not his duty to repair and keep it in a proper condition for use. In the face of such material differences in the facts of the two cases, it can not be said that the conclusion reached in the Larkin case, that the master did not owe to the servant a duty to inspect the lantern, requires a holding in· this one that the hose was such a common and simple appliance as relieved appellant of the duty of inspection which otherwise would have rested upon it, in the discharge of its duty to use reasonable care to furnish him with a reasonably safe and suitable appliance for use in filling the water tanks. As to other contentions made by appellant under these assignments, it is sufficient to say that there was evidence that it was not a part of appellee's duty to either inspect or repair the hose, that it was placed for his use in filling the tanks, and for the first time

used by him on the occasion when he was injured, and that he did not know its condition, and evidence that appellee was doing the service in the way it was usually done in walking on top of the coach and dragging the hose after him, etc. It is true there was much evidence tending to show that appellee had frequently used the hose before and must have known its condition, and that it was his duty to inspect it and if necessary repair it. The jury determined the conflict in the evidence in appellee's favor, and we can not say there was not evidence to support their finding. The state of the evidence, we think, does not bring the case within the reason of the rule applied in Missouri Pac. Ry. Co. v. Somers, 78 Texas, 441. There the plaintiff's case was supported by his own testimony alone. On other occasions he had given inconsistent versions of the facts, and on the trial resulting in the judgment appealed from had given a very unsatisfactory explanation of his previous inconsistent statements. In this case appellee's testimony that it was not his duty to inspect and repair the hose is not without support in the record, and the evidence contradicting his statement that the hose on the night he was injured was used by him for the first time is not strong. Except the testimony of other witnesses contradicting his testimony, there is not in the record any evidence tending to discredit him.

Appellant insists that the court erred in refusing to charge the jury as requested by it, as follows:

"If you believe there was any splice in the hose or any defect or condition that would cause it to come apart, and that on account of such splice and condition the same did come apart, and that the same would not have been discovered by an inspection made in an ordinary careful and prudent manner, you will find a verdict for the defendant."

The testimony was uncontroverted that the hose had been broken, and where broken had been spliced. The testimony was uncontroverted that the repairs so made were made by appellant. And the testimony also was uncontroverted that the hose separated at one of the places where it had been previously broken and been spliced together. There was no testimony indicating that the defect in the splicing might have been such as would not have been discernable by an inspection properly made. Because not warranted by the evidence, we think it was not error to refuse to instruct the jury as appellant requested.

The court instructed the jury that appellee "had a right to assume that the appliances which he used in the discharge of his duty were reasonably safe, and he is not required to use ordinary care to see whether the railroad company has performed its duty of using ordinary care in furnishing him reasonably safe appliances with which to work, or on its failure, if any, of using ordinary care to keep said appliances in a reasonably safe condition." Appellant urges that this charge was on the weight of the evidence and erroneous in telling the jury that appellee was not required to use ordinary care to ascertain whether appellant had discharged its duty or not. In the portion of the charge complained of the trial court was stating abstract propositions of law. As a matter of law it was appellant's duty to furnish appellee with reasonably safe appliances to use in discharging his duty. As a matter

of law he had a right to assume that appellant had performed its duty, and that the hose was reasonably safe. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; 20 A. & E. Ency. Law, 2d ed., pp. 73-90. If he had a right to so assume, then we are not prepared to say that the court erred in so abstractly instructing the jury that he was not required to use ordinary care to see that appellant had performed its duty by furnishing him such an appliance. But if the charge in the portion complained of should be regarded as an inaccurate statement of legal principles, when construed in connection with the remainder of the instructions, it should not be held to have misled the jury. Immediately following and as qualifying the statement that appellee was not required to use ordinary care to ascertain whether appellant had discharged its duty or not, the court added: "Unless he knows before using of the failure of the defendant company, if any, to furnish said reasonably safe appliances, and the consequent risks upon such failure, or in the ordinary discharge of his own duty he must necessarily have acquired such knowledge, or unless by the terms and nature of his employment it was made a part of the duty of plaintiff to inspect the appliances with which he is called upon to work and he has failed to make such inspection." And in applying the law of the case to its facts the jury were specifically directed to return a verdict for appellant if they believed from the evidence that appellee knew or in the discharge of his duties should have known of the condition of the hose. Taken as a whole, we do not think the charge in the particular complained of is subject to the criticism urged to it. Smith v. Gulf, W. T. & Pac. Ry. Co., 65 S. W., 85; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347.

By its fifth assignment of error appellant complains of the refusal of the court to instruct the jury as requested by it to find in its favor if they believed the hose furnished to appellee to fill the tank "was a simple appliance for that purpose, and in its condition of such simple construction and character that a man of ordinary prudence would have furnished it to his employe to do the work with without inspecting it or having it inspected, and that it was of such simple character that a man of ordinary prudence would have left it to his employe to determine for himself whether or not it was suitable for the purposes for which it was furnished to the employe, and that because of such condition it parted and brought about plaintiff's injury." Keeping in view the use to be made of the hose in question, we do not think it was the duty of the court to instruct the jury at all on the theory that the hose may have been such a simple appliance as to relieve appellant of the duty to use ordinary care to see to it that it was reasonably safe and suitable. Abstractly considered, it is doubtless true that the hose might be regarded as such a simple appliance; but when considered in connection with the use and the circumstances of the use made of it, we think it could not be so regarded. The appliance and the use to be made of it can not be separated. Because they can not be separated, on the facts of this case we think the charge requested properly was refused. Drake v. San Antonio & A. P. Ry. Co., 99 Texas, 240; St. Louis S. W. Ry. Co. v. Schuler, 46 Texas Civ.

App., 356. But were we of the opinion that the issue was one which on the facts of the case should have been submitted to the jury, we would be inclined to think it fully and properly covered by that portion of the court's main charge instructing the jury to return a verdict for appellant if they believed from the evidence "that it was not the duty of the defendant company to inspect the hose which it furnished the plaintiff on the occasion when he was injured, that is, if you find and believe from the evidence that an ordinarily prudent person using said hose under the same or similar circumstances would not have inspected the same."

With reference to repair work done on hose furnished by appellant, the witness Frank Leeds was permitted by deposition over appellant's objection to testify: "The repair work was just barely enough to keep the business going—repairs for the time being." The grounds of appellant's objection were that the testimony was a conclusion or opinion of the witness, and was irrelevant and immaterial in that the question was not as to how much repairs were done or not done on hose, but as to the repairs done on the particular hose used by appellee at the time he was injured. Appellant urges that the admission of the testimony was prejudicial to it because calculated to inflame the jury. In support of its contention appellant cites Missouri, K. & T. Ry. Co. v. Johnson, 92 Texas, 380, where it is said that "the rule is well settled that when the question is whether or not a person has been negligent in doing or failing to do a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence or even habitually negligent upon a similar occasion." The witness was testifying with reference to the hose furnished by appellant, including the one used by appellee on the occasion when he was injured. Insofar as the witness' testimony referred to the hose used by appellee on that occasion, we do not think it was immaterial or irrelevant. The condition of that particular hose was a relevant and material fact. The amount of the repair work and its character, done on it, would tend to show its condition on the occasion when appellee was injured. To our minds it does not clearly appear that the witness, instead of stating facts within his knowledge as to the repairs and their character, was merely stating his opinion predicated upon facts tending to show the nature of the repairs made. So far as the answer included other hose than the one in question we think it was improper. It was immaterial whether other hose was in good or bad condition. We do not think, however, that the admission of the evidence on that account should be held sufficient to justify a reversal of the judgment. In the light of the other evidence in the record we think it safely can be assumed that injury to appellant did not result from its admission. Missouri Pac. Ry. Co. v. Jarrard, 65 Texas, 565; Galveston, H. & S. A. Ry. Co. v. Parr, 8 Texas Civ. App., 280; Thompkins v. Toland, 46 Texas, 591; Ft. Worth & D. C. Ry. Co. v. Harlan, 62 S. W., 971; Texas & P. Ry. Co. v. Warner, 42 Texas Civ. App., 281.

The witness Frank Leeds, testifying by deposition, in reply to appellant's sixth cross-interrogatory, answered: "I don't remember just how long Patrick had been working there, but he had been using this hose in his work, I suppose, ever since he commenced there." The

answer was excluded by the court on appellee's objection that it was an opinion and conclusion of the witness, and hearsay. We do not think the court erred in excluding the testimony. It is insisted that the words "I suppose," used by the witness, should be referred to the language following them. To so refer them, it seems to us, would not render the answer any less objectionable. It was a material inquiry not only whether appellee had used the hose before the time when he was injured or not, but also as to how often he may have used it. If, as we think is true, the witness should not have been permitted to testify that he "supposed" appellee had been using the hose, it seems to us with as good reason it should be held that he should not have been permitted to testify that he "supposed" appellee had used it ever since he commenced work for appellant. The seventh assignment of error is overruled.

Because we do not find in the record error which should cause its reversal, the judgment is affirmed.

*Affirmed.*

Writ of error refused.