FORT WORTH & DENVER CITY RAILWAY COMPANY v.
J. D. McCRUMMEN.

Decided January 14, 1911.

**1.—Personal Injury—Contributory Negligence—Submission of Issue.**

When a defendant, in a suit for damages for personal injuries, pleads contributory negligence he is entitled on request to an affirmative presentation of the facts well pleaded and relied upon in support of the plea if there is evidence of the facts so alleged which fairly supports an inference of negligence and the alleged consequences thereof, even though the evidence be slight. Pleading and evidence considered, and held to raise the issue of contributory negligence on the part of the plaintiff in failing to take proper care of and in aggravating the original injuries alleged to have been caused by defendant's negligence.

**2.—Master and Servant—Duty of Inspection—Inspection of Cord Wood.**

The duty of the master to inspect machinery or implements furnished the servant arises only when they are of such character that a man of ordinary prudence would inspect them as a precaution against injury, and does not require the inspection of common tools committed to the custody of a servant who has capacity to understand their character and uses. Under this rule a railroad company would not be required to inspect ordinary cord wood, intended for fuel in engines, for splinters, knots or other protuberances, or to smooth the same in any way before it is handled by a fireman.

**3.—Negligence—Insufficient Lights—Pleading and Charge.**

An allegation of negligence in furnishing "insufficient" lights will not warrant a charge concerning "defective" lights, when there was some evidence that the lights were defective rather than insufficient.

**4.—Special Charge—Ignoring Issue.**

A special charge which ignores a part of the evidence upon an issue, is properly refused.

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*Spoonts, Thompson & Barwise, Thos. F. Turner,* and *G. W. Wharton,* for appellant.—The duty of the master to inspect tools or implements furnished the servant arises only when they are of such character that a man of ordinary prudence would inspect them as a precaution against injury to the servant, and does not require the inspection of common tools and appliances committed to the custody of a servant who has capacity to understand their character and uses. Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225; 20 Am. & Eng. Ency. of Law, 89; Miller v. Erie R. R., 21 App. Div. Rep. (N. Y.), p. 45; Marsh v. Chickering,

101 N. Y., 396; Wachsmuth v. Show Electric Crane Co., 118 Mich., 275.

Where the evidence upon the trial shows that only one of the several acts of negligence charged is the proximate cause of the injury, the plaintiff can not recover, where, under the law and evidence, the defendant owed no duty to plaintiff in regard to the act of negligence which was the proximate cause of the injury. San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W., 254; Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225.

By accepting employment the servant assumes all the risks ordinarily and usually incident to the service, and he also assumes the risks which are known to him, or that he should discover in the proper discharge of his duties. Houston & T. C. Ry. Co. v. Alexander, 119 S. W., 1135; Houston & T. C. Ry. Co. v. Pollock, 115 S. W., 843; Houston & T. C. Ry. Co. v. Smith, 38 S. W., 51; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Rogers v. G. City Ry. Co., 76 Texas, 502; Texas & N. O. Ry. Co. v. Dillard, 70 Texas, 62; International & G. N. Ry. Co. v. Arias, 30 S. W., 446.

When, upon the trial of a case for damages for personal injury, the evidence and the pleadings of the defendant in the case raise the issue that the plaintiff, after receiving said injury, was guilty of negligence in the care and use of such injury, which negligence contributed proximately to said injury, it is error for the court to refuse a requested instruction which instructs the jury that defendant would not be liable for any damage resulting from said injury, which was caused by reason of plaintiff's own negligence. Gulf, C. & S. F. Ry. Co. v. Denson, 72 S. W., 70; City of Dallas v. Moore, 74 S. W., 95; Texas Portland Cement Co. v. Poe, 74 S. W., 563; St. L. S. W. Ry. Co. v. Ball, 66 S. W., 879-882.

*Barrett & Jones,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee against the appellant to recover damages for personal injuries alleged to have been received by him in March, 1909, while employed by the defendant as a fireman in its roundhouse in the city of Amarillo. It was alleged that while in the pursuance of his duty in firing an engine in the roundhouse he undertook in the usual way to put a piece of wood in the fire box of the engine, but that by reason of a knot or protrusion it did not go in but caught on the fire box and caused the piece of wood to jam and bruise the plaintiff's hand. He alleged that the usual way of putting a piece of wood into the fire box on an engine is to place the left hand and arm under the end of the piece of wood that is to go first into the fire box, and then to place the right hand on the other end of the piece of wood and give it a hard throw or shove into the box; and that while so attempting to place the stick of wood in question it caught as stated and bruised his right hand, resulting in great pain and permanent injury as specified.

The grounds of negligence alleged are that "the defendant failed to furnish a sufficiently lighted place in which to work, and failed to

furnish him sufficient light to see and to perform his duty, and failed to furnish plaintiff proper wood to be used in firing said engine, and failed to inspect the wood that was furnished him, and failed to furnish plaintiff smooth wood to use in the performance of his duties." All of these acts were charged conjunctively and are averred to be the proximate cause of the injury.

The defendant, in addition to the general issue, specially pleaded assumed risk, contributory negligence, and negligence on plaintiff's part in the use of his hand after the injury, whereby the pain and injury had been increased. The trial before a jury resulted in a verdict for the plaintiff in the sum of seven hundred and sixty-six dollars, and defendant has duly appealed.

We have concluded that the judgment must be reversed because of the error presented by appellant in the eleventh assignment, wherein complaint is made of the court's rejection of the following requested special instruction:

"Gentlemen of the Jury: You are instructed that it was the duty of the plaintiff to exercise ordinary care to care for and protect the hand after the injury or accident; hence, if you find and believe from the evidence that the plaintiff shortly after the accident continued the use of his said hand in the same work, and such continued use aggravated the pain and increased the injury to his said hand; and further find that within a few days after he returned from Fort Worth, that in the employment of the Electric Light Company at Amarillo he further used said hand with an implement or tool in the said hand which, by virtue of said use and labor, increased the pain or the injury; and further believe that plaintiff was negligent in this respect, you will find in favor of defendant for such increased pain and injury; and in this connection you are further charged that if you believe that such use as aforesaid (and that plaintiff was negligent in this respect) caused the injury to become a permanent one, and the fingers and joints to become stiffened thereby, you are charged to find in favor of defendant for such permanent injury as well as for any pain and suffering resultant thereby."

Appellee testified to both pain and permanent injury, and the court's charge on the measure of damage was perhaps broad enough, as appellant urges under another assignment, to authorize the assessment of damages for all pain and injury permanently resulting from the alleged negligence of appellant regardless of whether appellee had been guilty of negligence in the use of his hand after the original injury. Appellant, as stated, specially so pleaded, and the issue was not in any affirmative form submitted to the jury, possibly for the reason that the court thought the evidence failed to raise the issue, but we are of opinion that it does; plaintiff testified: "The night after I was hurt I went back to work and wanted off, but they would not let me, so I worked that night and the next night—I worked until midnight—when my hand got to hurting so I had to stop. My hand hurt all the time I was working. It hurt so I could not sleep during the daytime. . . . I was hurt on March 14, 1909, and then I went to the Saint Anne

Hospital at Fort Worth and stayed eight or ten days, and then came back to Amarillo. . . . I laid around home three or four days, then went to work at the electric light plant at Amarillo, and I worked there four or five days, and I could not work any longer because my hand burst open and ran pus." Appellee further testified: "Yes, when I came back from Fort Worth I went to work at the electric light plant, and after working a few hours my hand burst and I had to quit working and went to Dr. Shirey. The work I did at the electric light plant was to drag ashes from the ash pan with a weed hoe, and I held the handle in my left hand, and let the handle slide through my right hand, but could not close my right hand, and I do not know that it injured my right hand, but it hurt. I do not know that it made it any worse, but it hurt. It hurt so bad I could not work. It was swollen when I went to work and hurt while I worked. It was a few days after I returned from Fort Worth that I applied for work, and my hand was still swollen. I went to work when my hand was still swollen, and I used the hoe handle by slipping it through my hand, and it burst open and required the services of another doctor for about a week. When I first started to work I could do a full day's work, but then my hand would get sore and I could not handle the tools."

Dr. Bacon Saunders testified for defendant on direct examination as follows: "I am chief surgeon for the defendant road. I have practiced medicine since 1877. I have handled lots of cases like plaintiff's. Plaintiff came to Fort Worth to be treated for an abscess in the palm of his hand. The name of the abscess was a palmer abscess. I made a thorough examination of the same. When he came here his hand was sore and had pus in it. His hand was properly treated while here. When he left the hospital his hand was in comparative normal condition, except some soreness and stiffness about the palm and fingers. It is my professional opinion that the condition of plaintiff's hand was not permanent, as the hand was practically well when he left the hospital. It was my opinion when I last saw the hand that it was practically in normal condition, and after a few weeks' normal use of the hand all stiffness and soreness would entirely disappear, and there would be practically no remaining effects."

On cross-examination Dr. Saunders testified: "Yes, I discharged him from the hospital because his hand was well enough for him to return home, and no special medical attention being further needed, and the hand being in practically normal condition except some stiffness and soreness in the fingers and hand which would be overcome by time and use of the same. My recollection is that I told him that he would be able to go to work before a great many days, provided he used his hand carefully in the meantime. I did not, nor did anyone at the hospital, tell him to report for work at once. If there was any such development as you mention, it was probably due to some bruise or use of the hand after he left here. From the examination and treatment of the plaintiff's hand when he was here and discharged, if his fingers are still stiff and not able to be used, in my judgment this condition is due more to his keeping them still and not in use than to

the injury received. If the hand and fingers are put to a normal use this stiffness would have gone away long ago; and even now, if a man of his age puts to normal use his hands and fingers, these conditions will go away. . . ." Appellee testified that his fingers were stiff and his hand permanently injured by reason of the injury received.

The rule is now well established that when the defendant pleads contributory negligence he is entitled on request to an affirmative presentation of the facts well pleaded and relied upon in support of the plea, if there is evidence of the facts so alleged which fairly supports an inference of negligence and of the alleged consequence thereof even though the evidence be slight, the jury being the the exclusive judges of the weight of the testimony. Missouri, K. & T. Ry. Co. of Texas v. McGlammory, 89 Texas, 637; Gulf, C. & S. F. Ry. Co. v. Schieder, 88 Texas, 166; Western U. Tel. Co. v. Andrews, 78 Texas, 307; St. Louis S. W. Ry. Co. v. Kern, 100 S. W., 971; Gulf, C. & S. F. Ry. Co. v. Denson, 72 S. W., 70; City of Dallas v. Moore, 32 Texas Civ. App., 230 (74 S. W., 95); Texas Portland Cement Co. v. Poe, 32 Texas Civ. App., 469 (74 S. W., 563); St. Louis S. W. Ry. Co. v. Ball, 28 Texas Civ. App., 287 (66 S. W., 879-882).

Several other questions are presented which in view of another trial we think should be briefly noticed. As alleged, negligence on appellant's part is charged for a failure to inspect and furnish proper wood. This, as well as negligence in a failure to furnish proper light, was submitted as a ground of recovery. In so doing, reversible error perhaps was not committed for the reason that the charge required a finding in appellee's favor on both issues; but on another trial the case should not be confused by a recognition in the charge of a duty on appellant's part to inspect and furnish smooth wood. The undisputed proof is that the same general character of wood had been used by appellee for some time and, solicitous as the law is for the proper protection of an employee, we know of no case or legal principle that makes it the duty of the master to inspect ordinary cord wood for splinters, knots or other protuberances, or to smooth the same in any way for the ordinary uses to which such wood is to be put. On the contrary, it has been specifically held by our Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225, that the duty of the master to inspect machinery or implements furnished the servant arises only when they are of such character that a man of ordinary prudence would inspect them as a precaution against injury, and does not require the inspection of common tools committed to the custody of a servant who has capacity to understand their custom and usages.

We notice that the court in his charge submitted the issue of negligence in furnishing "defective" lights. As we construe the petition the case made by it was one of "insufficient" lights instead of "defective" lights, and inasmuch as there was some evidence tending to show that the torch furnished appellee was defective, the charge may have been misleading.

The court properly refused the special charge quoted in the twelfth assignment to the effect that, if appellee knew that his torch was

defective and the light insufficient, he assumed the risk, for the reason, among other things, that the charge entirely ignored the issue of whether appellee was guilty of negligence in continuing the service after the promise of the master to remedy the complaint, of which there was evidence. See General Laws, 1905, p. 386; Currie v. Missouri, K. & T. Ry. Co. of Texas, 101 Texas, 478; Houston & T. C. Ry. Co. v. Alexander, 102 Texas, 497; International & G. N. Ry. Co. v. Clark, 59 Texas Civ. App., 82 (125 S. W., 959).

We find no error in other respects, but for the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*