Thomas F. SWEARINGEN, Appellant,

v.

Mary BELL, a feme sole, Appellee.

No. 13272.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 20, 1957.

Nye & Cohn, Bernard W. Schrader, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

POPE, Justice.

The trial court granted a summary judgment in favor of defendant, Mary Bell, in a suit brought by plaintiff, Thomas F. Swearingen, for personal injuries which resulted from a fall from a defective ladder while he was repairing one of defendant's rental apartments.

The pleadings, affidavits and a deposition show that plaintiff is a carpenter by trade, and that he owed defendant nine weeks' rent for one of her apartments which he occupied. On March 13, 1956, plaintiff was doing some carpenter work for defendant as her employee. He had been working on ladders for about two hours, and was standing on a four-foot ladder, which suddenly collapsed and caused plaintiff to fall. Defendant, by deposition, stated that she furnished the ladder for the work and that plaintiff had worked on it one time before the day of the accident. The collapsible brace in the middle of the ladder instantly pulled loose from one side of the ladder. It was attached to the wooden side by a rivet and the rivet pulled through the wood.

Plaintiff, by this appeal, urges that there was an issue of fact on whether defendant properly inspected the ladder for defects. Plaintiff eliminated that issue of fact by his own statements in his deposition. He stated that he personally examined the ladder, that he "looked it over, and it looked like it was solid * * * it was a little loose, but, you know, solid." The ladder looked like it was all right. He could not see anything wrong with it. He said that as a carpenter he knows how to tell whether a ladder is safe. So far as he could tell, it was all right. He looked at the ladder before he used it on the day of the accident. When asked if it looked like it was all right, he answered, "absolutely." He said that the ladder was getting loose. When asked if it was getting a little old and whether he thought it was unsafe, he answered: "I didn't trust it too much." Plaintiff's deposition shows that he was fully competent to make an inspection, and that on both occasions when he had used the ladder he made inspections. Plaintiff knew and his inspections revealed to him everything that defendant could possibly have told him. This is not only an instance where the employee had an equal opportunity to discover the danger, but is an instance of actual discovery of everything

that the employer could have found on inspection. Plaintiff fully appreciated the danger of working on the ladder, for, in his words, he "didn't trust it too much." Because he knew and appreciated the danger, there was no duty on the employer to warn him of it. McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 395; 30-B Tex.Jur., Negligence, Sec. 92.

The ladder was an ordinary four-foot ladder. "A master is not required to inspect the common tools and appliances which are committed to the custody of a servant who has the capacity to understand their character and uses." Gulf, C. & S. F. R. Co. v. Larkin, 98 Tex. 225, 82 S.W. 1026, 1027, 1 L.R.A.,N.S., 944; De Loache v. Newton, Tex.Civ.App., 284 S.W.2d 242; 56 C.J.S. Master & Servant § 216.

The judgment is affirmed.

BARROW, J., not participating.