Mary STEWART, Appellant,

v.

Samuel J. CINNAMON, Appellee.

No. 13664.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 12, 1960.

Rehearing Denied Nov. 9, 1960.

E. P. Lipscomb, San Antonio, for appellant.

House, Mercer & House, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a summary judgment rendered that appellant take nothing as against appellee. Appellant sued appellee for damages for injuries to herself alleged to have been suffered by slipping and falling on the floor in appellee's home while waxing and polishing floors. The court had before it the motion, the pleadings, the affidavits of the parties, with attached exhibits, and the deposition of appellant.

Although appellant's brief does not comply with Rule 418, Texas Rules of Civil Procedure, we have examined the same and find that appellant contends that the following fact issues were raised: (1) That appellee failed to furnish a reasonably safe place for appellant to work. (2) That he failed to furnish her with adequate equipment. (3) That he failed to warn her of the danger of slipping on floor wax spread too thick on the floor. (4) That appellee was negligent in instructing her to "spread the wax thick on the floor." We shall consider these contentions jointly.

We have carefully considered appellant's deposition as well as the record as a whole, and find that the following facts are uncontradicted: Appellant is an experienced housemaid, having worked as such for numerous people. She had waxed floors for appellee and other people prior to the occasion involved herein. She always used the same kind of equipment as was used on this occasion. There is nothing in the record to show that there is any better, safer, or more appropriate equipment for the purpose; and nothing to show that appellee instructed appellant to use these things, or even instructed her to wax the floor. The record shows that appellee was not even present at any stage of the operation.

The law is well settled that a master is not required to inspect tools and appliances which are committed to the custody of the servant who has the capacity to understand their character and uses. Gulf, C. & S. F. R. Co. v. Larkin, 98 Tex. 225, 82 S.W. 1026, 1 L.R.A.,N.S., 944. There is nothing in appellant's deposition, her affidavit, or elsewhere in the record, to show that appellee instructed her to spread the floor wax thick, or even suggested that she should do so. There is no fact in the record from which a jury might reasonably infer that appellee did anything which a reasonably prudent person would not have done, or failed to do anything which such a person would have done under the circumstances. Furthermore, appellant in her deposition testified that her foot just slipped, that she did not know whether it slipped on the part of the floor which had been waxed, or on the part which had not; that she did not know what caused her to fall. There is no statement to the contrary. Therefore, viewing the showing on the motion for summary judgment in the light most favorable to appellant, and giving appellant the benefit of every reasonable inference which properly can be drawn in favor of her position, she has wholly failed to raise any genuine issue of either negligence or proximate cause. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; McDonald, Texas Civil Practice, Vol. 4, § 17.26, p. 1394

Moreover, the testimony of appellant shows without dispute that the condition of the floor was at the time, open, obvious, and apparent to her, and shows as a matter of law that appellee owed no duty to warn her of its condition. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374. Therefore, the trial court's action in granting the summary judgment was proper.

The judgment is affirmed.